# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **JESUS SALAS MORALES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | 1:10CV266 |
| ) | |
| **Z. S. YALE, Captain, and WAYNE** ) | |
| **JAMES, Major,** ) | |
| ) | |
| **Defendant(s).** ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jesus Salas Morales, a detainee at the Forsyth County Detention Center, filed this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights have been violated as a result of a cell re-assignment made with regard to Plaintiff's housing at the Detention Center. In his Amended Complaint filed August 18, 2010, Plaintiff names Major Wayne James and Captain Z.S. Yale as the Defendants. (Docket No. 23, Amended Complaint ("Am. Compl.").) Defendants answered the Amended Complaint on August 30, 2010. Defendant James also filed a motion for judgment on the pleadings on that date.

(Docket No. 25.) Plaintiff Morales filed a motion for summary judgment on September 3, 2010. (Docket No. 28.) These motions are ready for a ruling.[1]

In his Amended Complaint, *pro se* Plaintiff Morales alleges that he is an inmate at the Forsyth County Detention Center. He identifies Defendant James as the Director of the Detention Center, and alleges that "he is legally responsible for the overall operation of [the] facility." (Am. Compl. ¶ 4.) He alleges that Defendant Yale is the Security Commander of the detention center. Plaintiff alleges that on January 29, 2010, he was moved from the medical floor of the detention center, where insulin dependent inmates are held, by Captain Yale "without . . . a good reason." (*Id.* ¶ 7.) He states that he was placed on a general population floor and assigned an upper bunk. He alleges that he injured his lower back and left shoulder as a result of the assignment to an upper bunk.

Plaintiff states that he has tried to speak with Defendants about his housing re-assignment, but the Defendants have ignored his requests. Plaintiff makes allegations about Defendant Yale "trying to intimidate [him]" and other officers interfering with his access to a notary public or law library. He states that his grievances concerning these matters have been denied. (*Id.* ¶¶ 9-11.)

---

[1] The earlier dispositive motions filed by Defendant James (Docket No. 13) and Plaintiff Morales (Docket No. 21) are moot in view of the subsequent filing of the Amended Complaint.

On review of Defendant James' motion for judgment on the pleadings and Plaintiff's motion for summary judgment, the Court finds that Defendant James' motion should be granted and Plaintiff's motion should be denied. The Court finds that Plaintiff's Amended Complaint attempts to establish legal liability with regard to Defendant James upon a theory of *respondeat superior*. That is, rather than alleging a personal involvement by Defendant James in an alleged deprivation of Plaintiff's rights, Plaintiff contends that Defendant James is legally responsible for the actions of others because he is the Director of the Detention Center. Nonetheless, it is well established that the doctrine of *respondeat superior* is inapplicable in Section 1983 actions. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

Plaintiff's motion for summary judgment is without merit. Plaintiff has not established by competent evidence the absence of material fact or that he is entitled to a judgment as a matter of law.

Accordingly, **IT IS RECOMMENDED** that Defendant James' motion for judgment on the pleading (Docket No. 25) be granted, and that Plaintiff's motion for summary judgment (Docket No. 28) be denied. Further, **IT IS ORDERED** that the parties may have discovery under the Amended Complaint to and including April 15, 2011.

                                                                 /s/ P. Trevor Sharp
                                                          United States Magistrate Judge

Date: January 6, 2011