IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JESUS SALAS MORALES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10CV266 |
| | ) | |
| CAPTAIN Z.S. YALE and MAJOR WAYNE JAMES, | ) ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on cross-motions for summary judgment filed by the parties. The motions were filed following a period of discovery permitted by the Court, and the motions have been fully briefed. For reasons set forth below, the Court finds that the summary judgment motion of Defendant Yale (Docket No. 40) should be granted, and the motion of *pro se* Plaintiff Jesus Salas Morales (Docket No. 43) should be denied.

**Procedural Background**

Plaintiff Salas Morales filed a *pro se* complaint on April 2, 2010, and was permitted to proceed *in forma pauperis*. He filed an Amended Complaint on August 18, 2010, naming two Defendants, Major Wayne C. James and Captain Z.S. Yale. Defendant James filed a motion for judgment on the pleadings, which was granted by the Order of March 30, 2011. (Docket No. 38). With regard to Plaintiff's claims against Defendant Yale, the parties were

granted a period of discovery from January 6, 2011, to and including April 15, 2011. (Docket No. 31.) Following the close of the discovery period, Plaintiff and Defendant Yale each filed a motion for summary judgment.

## The Amended Complaint

In the Amended Complaint, Plaintiff Jesus Salas Morales alleges that he was at all relevant times an inmate of the Forsyth County Detention Center. As to Defendant Yale, Plaintiff alleges that the Defendant transferred him out of the "medical floor where insulin dependant [sic] diabetics are housed" without notice or good reason. Plaintiff was placed in the general population with double bunks. He was assigned an upper bunk "where [he] further injured [his] lower back and left shoulder." (Docket No. 23, Am. Complaint ("Am. Compl."), ¶ 7.) He alleges that thereafter Defendant Yale attempted to intimidate him by saying to others "that's him; that's him" in apparent reference to his filing of this lawsuit. (*Id.* ¶ 9.) He further alleges that Captain Yale ordered that Plaintiff not have access to a notary public or a law library. Plaintiff says he filed a grievance which was denied. He states that he filed an appeal from that denial, and "if the defendants destroyed maliciously the paper-work, [he] cannot explain." (*Id.* ¶ 11.) In concluding his complaint, Plaintiff alleges that Defendant Yale violated his Eighth Amendment right to be free of cruel and unusual punishment, and was "purposely indifferent . . . to [his] requests." (*Id.* ¶ 12.)

## The Summary Judgment Standard of Review

A party is entitled to judgment as a matter of law upon a showing that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The material facts are those identified by controlling law as essential elements of claims asserted by the parties. A genuine issue as to such facts exists if the evidence forecast is sufficient for a reasonable trier of fact to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of its case as to which it would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In evaluating a forecast of evidence on summary judgment review, the court must view the facts and inferences reasonably to be drawn from them in the light most favorable to the nonmoving party.

When the moving party has carried its burden, the nonmoving party must come forward with evidence showing more than some "metaphysical doubt" that genuine and material factual issues exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), *cert. denied,* 481 U.S. 1029 (1987). A mere scintilla of evidence is insufficient to circumvent summary judgment. *Anderson*, 477 U.S. at 252. Instead, the nonmoving party must convince the court that, upon the record taken as a whole, a rational trier of fact could find for the nonmoving party. *Id*. at 248-49. Trial is unnecessary if "the

facts are undisputed, or if disputed, the dispute is of no consequence to the dispositive question." *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993).

## Discussion

Defendant Yale has moved for summary judgment on multiple grounds. Defendant asserts first that Plaintiff failed to fully exhaust administrative remedies concerning his claims, and therefore this action should be dismissed pursuant to the Prison Litigation Reform Act of 1995. *See* 42 U.S.C. § 1997e(a). Defendant relies upon the affidavit of Donna Holmes who authenticates prison records which show that Plaintiff has filed a multitude of grievances. Not one of the grievances, however, addresses the issue raised in the Amended Complaint, that is, Plaintiff's transfer from the medical floor to the general population. *See* Docket No. 41, Def.'s Mem. in Supp. of Mot. for Summ. J., Att. 1, Declaration of Donna Holmes. In response, Plaintiff states under penalty of perjury that he exhausted his remedies and that Defendant is in control of the jail records but it is "his word against their word." (Docket No. 44, Pl.'s Response to Def.'s Mem., at 3.) Assuming for the purposes of this opinion that Plaintiff's sworn statement creates an issue of fact as to exhaustion, the Court will address the merits of Plaintiff's claims.

Plaintiff's principal claim is that Defendant Yale violated his constitutionally protected rights by transferring him from the medical floor of the jail to the general population. He invokes the Eighth Amendment. The Court's review of the summary judgment record shows, however, that Plaintiff's claim is without competent evidentiary

support. Plaintiff contends that he has been subjected to cruel and unusual punishment because Defendant Yale was deliberately indifferent to Plaintiff's serious medical needs. *See generally Estelle v. Gamble*, 429 U.S. 97, 104 (1976). There are no medical records, however, or other forms of competent medical evidence that call into question Defendant Yale's decision to move Plaintiff to the general population. To the contrary, Defendant Yale avers that he consulted with the Detention Center's medical staff to determine whether the proposed transfer would pose a risk to Plaintiff's health, and the staff raised no concerns about the transfer. (Docket No. 41, Att. 3, ¶ 5.) Defendant Yale's assertion is unrebutted and Plaintiff has presented no competent evidence that would contradict the assertion. Indeed Plaintiff, in his own deposition, concedes there is no medical evidence purporting to show that Plaintiff's medical condition required him to be assigned to the housing unit for insulin dependent inmates. (*Id*., Att. 2, Deposition of Jesus Salas Morales ("Morales Dep."), at 18-19.)[1]

Generally, decisions relating to cell assignments rest firmly within the discretion of prison officials. *Veney v. Wyche*, 293 F.3d 726, 733 (4th Cir. 2002). Plaintiff has brought forward no evidence that takes this case out of the general rule. His allegation that the transfer was "without notice, explanation, or a good reason," has no legal import. (Am.

---

[1] Plaintiff Morales also testified on deposition that he had no information that Defendant Yale knew of medical information suggesting that Plaintiff should be limited to a "lower bunk," thereby foreclosing any Eighth Amendment claim Plaintiff may be attempting concerning his assignment to an upper bunk. (Docket No. 41, Att. 2 at 18.)

Compl., ¶ 7.) His own personal opinion that he needed to be on the medical floor is insufficient. Plaintiff's testimony and the prison medical records show that, after the transfer, Plaintiff continued to be provided with his insulin and blood sugar checks, although Plaintiff complained at the time that the nurses did not act in a timely manner each day. (Morales Dep. at 22-23.) Nonetheless, any alleged negligence by the nurses in this regard does not make out or add to an Eighth Amendment claim against Defendant Yale.

Plaintiff vaguely suggests a claim of intimidation or retaliation by Defendant Yale based upon Defendant's alleged statement, "that's him; that's him," in apparent reference to this pending lawsuit. However, mere words such as these, without more, do not constitute a constitutional violation. *See Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979); *Fisher v. Woodson*, 373 F. Supp. 970, 973 (E.D. Va. 1973). Nor has Plaintiff raised an issue of denial of access to courts. He has pursued without hindrance this litigation and at least one other litigation while in prison. (Morales Dep. at 33-35.) He has shown no adverse impact on his ability to litigate. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996)(in order to establish a claim for denial of access to court, the prisoner must show actual injury); *see also Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006).

## Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that the summary judgment motion of Defendant Yale (Docket No. 40) be granted, and that the summary judgment

motion of Plaintiff Jesus Salas Morales (Docket No. 43) be denied. This action should now be dismissed with prejudice.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: November 30, 2011